UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

MARK A. CASSON,                    CIVIL ACTION NO. 1:18-CV-1429-P
Plaintiff

VERSUS                             JUDGE DEE D. DRELL

MATT POWELL, ET AL.,               MAGISTRATE JUDGE PEREZ-MONTES
Defendants

## REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 28 U.S.C. § 1983 (Docs. 1, 8)
filed by pro se Plaintiff Mark A. Casson ("Casson") (#467213).  Casson is an inmate
in the custody of the Louisiana Department of Corrections, incarcerated at the
Riverbend Detention Center in Lake Providence, Louisiana.  Casson alleges that he
was subjected to excessive force during his arrest.  Casson names as Defendants
Officer Matt Powell, the Natchitoches Multi-Jurisdictional Drug Task Force, and
Agent Jeffrey Kelly.

Because the Natchitoches Multi-Jurisdictional Drug Task Force is not a legal
entity, Casson's claims against it should be DENIED, and the entity should be
DISMISSED from this suit, WITH PREJUDICE.

I.    Background

Casson alleges that Defendants arrived at his home claiming to have received
complaints regarding drug trafficking.  (Doc. 1, p. 7).  Casson fled the scene.  (Doc. 1,
p. 7).  Casson states that he was apprehended, handcuffed, and returned to his

residence, which was being searched.  While handcuffed, Casson fled again.  (Doc. 1, p. 7).  Casson was caught behind his residence.  (Doc. 1, p. 7).

Casson alleges that Defendants Powell and Kelly choked Casson, slammed him to the ground, kneed him in the back, pressed their elbows into his neck, and placed their hands over Casson's "mouth and nose in a suffocating manner." (Doc. 8, p. 1).  Casson was taken to the hospital and treated for muscle pain in his neck.  (Doc. 1, p. 8; Doc. 1-2, p. 1).  Casson was then transported to the Natchitoches Parish Detention Center ("NPDC").  (Doc. 1, p. 8).

In an Amended Complaint, Casson states that he was charged with possession of various narcotics.  (Doc. 8, p. 1).  Casson provides that he entered a guilty plea to one of the drug charges, and the remaining charges were dismissed.  (Doc. 8, p. 1).  Casson does not allege that he was charged with, or convicted of, resisting arrest.  (Doc. 8).

## II.  Law and Analysis

### A.  Casson's complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A.

Casson is a prisoner proceeding in forma pauperis.  (Doc. 5).  As a prisoner seeking redress from an officer or employee of a governmental entity, Casson's Complaint (Doc. 1) is subject to preliminary screening pursuant to § 1915A.  See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam).  Because he is proceeding in forma pauperis, Casson's complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2)(B) and § 1915A(b) provide for sua sponte dismissal of a complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it

fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."  <u>Id.</u> at 327.  A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007); <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009).

### B.    <u>Casson cannot state a claim against a task force.</u>

The Natchitoches Multi-Jurisdictional Task Force is not a juridical person amenable to suit.  Rule 17 of the Federal Rules of Civil Procedure provide that the capacity to sue or be sued shall be determined by the law of the state in which the district court is held.  Fed. R. Civ. P. 17.  Thus, Louisiana law governs whether the Natchitoches Multi-Jurisdictional Task Force is an entity with the capacity to sue or be sued.  Under Louisiana law, to possess such a capacity, an entity must qualify as a juridical person. This term is defined by the Louisiana Civil Code as an entity to which the law attributes personality, such as a corporation or partnership.  La. Civ. Code art. 24.

The Natchitoches Multi-Jurisdictional Task Force is not a legal entity.  Other courts have also held that a drug task force, like a police department, is not an entity that can be sued in its own name.  <u>See</u> <u>Brown v. Fifth Judicial Drug Task Force</u>, 255 F.3d 475 (8th Cir. 2001) (affirming the district court's dismissal of an unincorporated,

intergovernmental, multi-jurisdictional drug task force); <u>Eversole v. Steele</u>, 59 F.3d 710, 716 n. 6 (7th Cir. 1995) (drug task force comprised of law enforcement officials from four counties and several municipalities was not an official entity); <u>Cribeiro v. Hartman</u>, 15-cv-211, 2015 WL 10352848, at *1 (W.D. La. Oct. 27, 2015), <u>report</u> <u>and recommendation</u> <u>adopted</u>, 15-cv-211, 2016 WL 730323 (W.D. La. Feb. 22, 2016) (Combined Anti-Drug Team not a juridical person); <u>Dillon v. Jefferson County Sheriff's Dept.</u>, 973 F. Supp. 626, 628 (E.D. Tex. 1997) (narcotics task force not a separate legal entity amenable to suit).

## III.  <u>Conclusion</u>

Because the Natchitoches Multi-Jurisdictional Drug Task Force is not a legal entity capable of being sued, IT IS RECOMMENDED that Casson's claims against the Natchitoches Multi-Jurisdictional Drug Task Force be DENIED and DISMISSED WITH PREJUDICE.  Defendants Powell and Kelly will be served pursuant to a separate order.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __27th__ day of February, 2019.

Joseph H.L. Perez-Montes
United States Magistrate Judge