a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MARK A. CASSON, Plaintiff | CIVIL DOCKET NO. 1:18-CV-1429-P |
| VERSUS | JUDGE DRELL |
| MATT POWELL, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint and Amended Complaint under 28 U.S.C. § 1983 (Docs. 1, 8) filed by *pro se* Plaintiff Mark A. Casson ("Casson") (#467213). At the time of filing, Casson was an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Natchitoches Parish Detention Center ("NPDC") in Natchitoches, Louisiana. Casson alleges that he was subjected to excessive force during his arrest.

Because Casson has failed to comply with a Court Order (Doc. 12) and failed to keep the Court apprised of his address, his Complaint and Amended Complaint (Docs. 1, 8) should be DISMISSED WITHOUT PREJUDICE.

I. **Background**

Casson alleges that, while he was restrained in handcuffs, Defendants Powell and Kelly choked Casson, slammed him to the ground, kneed him in the back, pressed their elbows into his neck, and placed their hands over Casson's mouth and nose "in a suffocating manner." (Doc. 8, p. 1). Casson was taken to the hospital and treated

for muscle pain in his neck. (Doc. 1, p. 8; Doc. 1-2, p. 1). Casson was then transported to the NPDC. (Doc. 1, p. 8).

The Court ordered Casson to complete documents for service of process on Defendants Powell and Kelly and furnish the documents to the Clerk of Court. (Doc. 12). The Court's Order was returned to the Clerk as undeliverable on June 13, 2019. (Doc. 13).

## II.  Law and Analysis

A district court may dismiss an action for a petitioner's failure to prosecute or to comply with any order. Fed. R. Civ. P. 41(b). A court possesses the inherent authority to dismiss the action *sua sponte*, without a motion by a defendant. See Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Id. at 629-30.

Casson has failed to comply with the Court's Order regarding service of process. Moreover, Casson has not provided the Court with an updated address since his mail was returned to the Clerk as undeliverable. Local Rule 41.3 provides that the failure of a *pro se* litigant to promptly notify the Court in writing of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the Court for the reason of an incorrect address, and no correction is made to the address for a period of 30 days. More than 30 days have passed since the Order (Doc. 12) was returned, and Casson has failed to update his address.

Therefore, Casson's Complaint and Amended Complaint (Docs. 1, 8) should be DISMISSED WITHOUT PREJUDICE under Rule 41 of the Federal Rules of Civil Procedure and Local Rule 41.3 of the Western District of Louisiana.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this __25th__ day of July 2019.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE